UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YLD LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE NODE FIRM, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00399-VC<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; GRANTING IN PART, AND DENYING IN PART, THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; GRANTING THIRD-PARTY PLAINTIFFS' REQUEST FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 79 |

Personal Jurisdiction

The motion to dismiss the third-party complaint for lack of personal jurisdiction is denied.

Job contends he lacks the minimum contacts with California necessary for this state to exercise specific personal jurisdiction over him. Specific jurisdiction is appropriate where: (1) the nonresident defendant purposefully directs his activities toward the forum state; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Job primarily argues that the third-party plaintiffs have not adequately pled that he purposefully directed his activities at California. In a case alleging tortious conduct, like this one, the plaintiff must allege sufficient facts to satisfy the three-part "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984): the defendant "(1) committed an intentional

act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Menken*, 503 F.3d at 1058 (quoting *Yahoo!, Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)) (internal quotation marks omitted). The third-party complaint alleges Job committed several acts — including rerouting TNF's incoming emails and calendar requests and making defamatory statements about TNF executives — directed toward TNF.[1] It is reasonable to infer from the pleadings that TNF, which offers consulting and training services in a specific type of computer programming, has many (if not most) of its clients in California. *See* SAC, at ¶ 50; *YLD Ltd. v. Node Firm, LLC*, No. 15-cv-0855 (JPO), 2016 WL 183564, at *2 (S.D.N.Y. Jan. 14, 2016). It is also reasonable to infer that Job, who performs the same types of services as TNF, was aware his acts would harm TNF's business in California, where many of its clients are located. TNF has therefore pled Job purposefully directed his conduct at California. *See Calder*, 465 U.S. at 788–89 (noting, among other things, that alleged libel "impugned the professionalism of an entertainer whose television career was centered in California," *id.* at 788, and "the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California," *id.* at 789); *cf. High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co., Ltd.*, No. 13-cv-00242-AWI-MJS, 2014 WL 897002, at *7 (E.D. Cal. Mar. 6, 2014) ("Plaintiffs point to no action by Defendants at the trade show in Florida that created a substantial connection with California. Plaintiffs have not provided any evidence that Defendant's advertisements or actions focused on California customers.").

The conduct Job directed at California (namely, disrupting TNF's computer systems, and defaming TNF's executives) is the basis of the claims against him, so the second part of the test

---

[1] In his reply brief, Job relies on *Colt Studio, Inc. v. Badpuppy Enterprises*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999), to argue that these acts should not be attributed to him in the personal jurisdiction analysis, because they were committed in his capacity as an officer of YLD. However, even if Job hadn't waived this argument by failing to include it in his opening brief, *Colt Studio* is no longer good law. *See, e.g., j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. 08-cv-4254-PJH, 2009 WL 29905, at *8 (N.D. Cal. Jan. 5, 2009); *PLS-Pac. Laser Sys. v. TLZ Inc.*, No. 06-cv-04585-RMW, 2007 WL 2022020, at *6 n.4 (N.D. Cal. July 9, 2007).

is satisfied.  And there is no indication that it would be unreasonable to require Job to litigate this case in California.

>  Venue

For similar reasons, venue is proper.  A substantial portion of the events giving rise to TNF's claims occurred in this district, and in any event Job is subject to personal jurisdiction in the Northern District of California specifically.  *See* 28 U.S.C. § 1391(b)(2); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 959 (N.D. Cal. 2015).

>  Failure to state a claim

Job's motion to dismiss the claim for breach of fiduciary duty is granted.  The third-party complaint lacks a factual basis from which the Court could infer Job owed a fiduciary duty to TNF.  TNF contends that Job was its agent (and thus owed TNF a fiduciary duty) because, according to the third-party complaint, he "had originally been responsible for maintaining [TNF's website and DNS server] accounts on behalf of TNF."  Defs.' Answer to Pl.'s Second Am. Compl., Affirmative Defenses, Countercls., & Third-Party Claims, Dkt. No. 76, at ¶ 287.  This is insufficient to create an inference that TNF had the right of control over Job that is essential to agency.  *See, e.g.*, *N. Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 103 (S.D.N.Y. 2013); *Van't Rood v. Cty. of Santa Clara*, 6 Cal. Rptr. 3d 746, 764 (Ct. App. 2003).

The motion to dismiss the claims for trespass to chattels and conversion is denied.  The third-party plaintiffs have alleged that Job intentionally disrupted TNF's use of its website, email, and calendars, causing harm to its business.  *See, e.g.*, *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d. Cir. 2004); *In re MF Glob. Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157, 183–84 (S.D.N.Y. 2014); *Intel Corp. v. Hamidi*, 71 P.3d 296, 302 (Cal. 2003); *Kremen v. Cohen*, 337 F.3d 1024, 1029–30 (9th Cir. 2002).

Finally, TNF's request for leave to amend its defamation claim, which was made at the hearing on the motion to dismiss, is granted.

Any amended third-party complaint must be filed within 14 days of this Order.  The case management conference scheduled for August 30, 2016 at 1:30 p.m. is continued to September 6,

2016 at 1:30 p.m.  The parties must file a joint case management statement by 5 p.m. on September 1, 2016.

**IT IS SO ORDERED.**

Dated: August 17, 2016

_____
VINCE CHHABRIA
United States District Judge